UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEYON LEE,

                              Petitioner,

    v.                                                                                         9:13-CV-0109
                                                                                             (GLS)

CHARLES E. SAMUEL, JR.,
SUPERINTENDENT, EASTERN CORR. FAC.,

                              Respondents.
_____

APPEARANCES:                                              OF COUNSEL:

EOANNOU, LANA LAW FIRM                                    THOMAS J. EOANNOU, ESQ.
Attorneys for petitioner
484 Delaware Avenue
Buffalo, NY 14202

RICHARD S. HARTUNIAN                                      CHARLES E. ROBERTS, AUSA
Attorneys for Charles E. Samuel, Jr.
United States Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

HON. ERIC T. SCHNEIDERMAN                                 ALYSON J. GILL, AAG
Attorneys for Superintendent
New York State Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

I.      **INTRODUCTION**

      Petitioner Keyon Lee, through his attorney, Thomas J. Eoannou, filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241 and several exhibits. Dkt. No. 1, Petition ("Pet.") and Exhibits A-D. He asks this court to issue an order directing the Federal Bureau of Prisons ("BOP") to "consider his petition for nunc pro tunc designation[1] of state prison as a facility for service of" his federal sentence. Pet. at 5-6.[2] Both respondents oppose the writ. Dkt. No. 7, Response to Petition for Writ of Habeas Corpus ("Samuels Response"); Dkt. No. 7-1, Samuels Exhibits; Dkt, No. 19-1, Declaration of Kara Carr ("Carr Dec."); Dkt. No. 19-2, Carr Dec. Exhibits; Dkt. No. 12, Superintendent's Answer; Dkt. No. 12-1, Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Superintendent Mem."); Dkt, No. 14, Superintendent's Exhibits.

For the reasons that follow, the petition is dismissed as moot.

## II.   RELEVANT BACKGROUND

On February 2, 2005, petitioner was sentenced in the Western District of New York to serve 57 months in prison and four years supervised release following his guilty plea to conspiracy with intent to deliver cocaine in violation of 21 U.S.C. §846. Pet. at 2; Dkt. No. 7, Samuels Response at 2; Dkt. No. 7-1, Samuels Exhibit 2, Criminal Docket in *United States v. Lee*, No. 1:03-CR-00198. On February 20, 2009, petitioner was paroled to supervised release. Pet. at 2; Samuels Response at 2.

On October 20, 2010, petitioner was arrested in Erie County, New York, and was charged under New York's Penal Law with second degree criminal possession of a weapon. Dkt. No. 12-1, Superintendent Mem. at 3; Dkt. No. 19-1, Carr Dec. at 1; Carr Exhibit 2,

---

[1] Nunc pro tunc designation is a retroactive designation that the BOP may grant in its discretion. 18 U.S.C. §3621(b); Program Statement 5160.05(8).

[2] Petitioner does not contest the lawfulness of his state or federal convictions or sentences.

Memorandum. The same day, a federal petition was filed against petitioner in the Western District of New York alleging that his arrest in Erie County constituted a violation of the conditions of his supervised release. Dkt. No. 19-1, Carr. Dec. at 1.

On June 21, 2011, petitioner pleaded guilty in Erie County Court to attempted second degree criminal possession of a weapon in exchange for a determinate sentence of three years in prison followed by five years post-release supervision. Pet. at 2; Dkt. No. 12-1, Superintendent Mem. at 3.

On or about September 26, 2011, petitioner was temporarily transferred from state custody to federal custody pursuant to a writ of habeas ad prosequendum. Dkt. No. 7, Samuels Response at 2; Dkt. No. 7-1, Samuels Exhibit 2, *Lee*, No. 1:03-CR-0198, Dkt. No. 186; Dkt. No. 19-1, Carr Dec., at 2. On September 27, 2011, petitioner pleaded guilty in the Western District of New York to violating the terms of supervised release and was returned to state custody. Pet. at 3; Dkt. No. 19-1, Carr Dec. at 2. Petitioner was again temporarily transferred from state to federal custody on October 6, 2011. Dkt. No. 7, Samuels Response at 2; Dkt. No. 7-1, Samuels Exhibit 2, *Lee*, No. 1:03-CR-0198, Dkt. No. 190. Judge Richard J. Arcara revoked petitioner's supervised release on October 19, 2011, and sentenced him to serve twelve months in prison. Pet at 3; Dkt. No. 7, Samuels Response at 2; Dkt. No. 19-1, Carr Dec. at 2. Petitioner was again returned to state custody. Pet at 3; Dkt. No. 7-1, Samuels Exhibit 2, *Lee*, No. 1:03-CR-0198, Dkt. No. 191; Dkt. No. 19-1, Carr Dec. at 2.

On October 20, 2011, petitioner was sentenced in Erie County Court to the agreed upon term of three years in prison followed by five years post-release supervision. The state court judge ordered the sentence to run concurrently with petitioner's twelve-month federal sentence. Pet. at 3; Dkt. No. 7, Samuels Response at 3; Dkt. No. 12-1, Superintendent Mem.

at 4.

On June 11, 2012, petitioner moved for re-sentencing in the Western District of New York. He argued that when he was sentenced on the federal violation of supervised release on October 19, 2011, the court ordered that he be remanded to the custody of the United States Marshals Service. Dkt. No. 7-1, Samuels Exhibit 4, Notice of Motion and Motion. Petitioner stated that the federal judgment was not entered until November 1, 2011, after the state court imposed its sentence for the attempted criminal possession of a weapon charge. *Id.* at 2. He argued that because the federal judgment was not entered until after he was sentenced in state court, he was serving only his state sentence without receiving credit toward his federal sentence. *Id.* at 2-3. He asked the federal court to vacate his federal sentence and reimpose it, or issue a writ of habeas corpus ad prosequendum directing his transfer to federal custody, reimpose the twelve month sentence, and direct that he remain in federal custody so the federal sentence "can be executed immediately as was the intent of" the district court. *Id.* at 3. On August 2, 2012, Judge Arcara denied the motion. Dkt. No. 7-1, Exhibit 5, Order, Arcara, J., Aug. 2, 2012.

On August 6, 2012, petitioner asked the BOP to consider nunc pro tunc designation of his state facility as the place of confinement for service of the federal sentence in accordance with BOP Program Statement 5160.05. Dkt. No. 1, Exhibit A, Letter from Thomas J. Eoannou to the BOP Designation and Sentence Computation Center, Aug. 6, 2012. The BOP denied his request on August 28, 2012 because petitioner "was sentenced by Erie County Court prior to being sentenced in federal court," and there was no mention by the federal court of the federal sentence running concurrently with the state sentence. Dkt. No. 1, Exhibit B, Letter from Georgina Macias-Carson to Thomas J. Eoannou, Aug. 28, 2012.

4

Petitioner wrote a second letter to the BOP on September 11, 2012 in an effort to further explain his request. Dkt. No. 1, Exhibit C, Letter from Thomas J. Eoannou to Georgina Macias-Carson, Sept. 11, 2012. On September 21, 2012, the BOP's designation unit wrote to Judge Arcara seeking his input on petitioner's request for a nunc pro tunc designation. Dkt. No. 7-1, Samuels Exhibit 6, Letter from Jose A. Santana to Hon. Richard J. Arcara, Sept. 21, 2012. On November 21, 2013, after receiving no response from Judge Arcara, the BOP conducted a five-factor review under Program Statement 5160.05 and 18 U.S.C. §3621(b) and denied petitioner's request for nunc pro tunc designation. Dkt. No. 7-1, Samuels Exhibit 7, "Factors Under 18 USC 3621(b) Worksheet." The BOP notified petitioner of the decision in a letter dated November 26, 2012. Dkt. No. 7-1, Samuels Exhibit 8, Letter from Andrew Roush to petitioner, Nov. 26, 2012.

Petitioner filed this habeas petition on January 10, 2013. Pet.

On April 4, 2013, he filed a motion to vacate his state sentence and withdraw his plea in Erie County Court pursuant to New York Criminal Procedure Law ("CPL") §440.10. Dkt. No. 14-1, Affirmation. He asked the state court to vacate his judgment and permit him to re-enter his guilty plea and be resentenced "to give proper effect to the intent of" the state court's "previously imposed sentence." *Id.* at 4. On May 2, 2013, Erie County Court granted petitioner's motion, and scheduled the case for further proceedings on June 24, 2013. Dkt. No. 14-2, Memorandum and Order, Michalski, J., May 2, 2013.

After petitioner's state sentence was vacated, the BOP recalculated his federal sentence to commence on May 13, 2013 - the day petitioner was released from state custody and was exclusively in federal custody. Dkt. No. 19-1, Carr Dec. at 2. His projected release date was May 12, 2014. *Id.*

On July 29, 2013, the Erie County Court reimposed petitioner's three-year state sentence nunc pro tunc and ordered that it run concurrently to the federal sentence. *Id.*

On May 12, 2014, petitioner was released from federal custody after his federal sentence fully expired. http://www.bop.gov/inmateloc/ (last visited Oct. 31, 2014). He was returned to state custody for one day, and was then was released on May 13, 2014 to begin serving his term of state court post-release supervision. http://nysdoccslookup.doccs.ny.gov (last visited Oct. 31, 2014). Petitioner's term of state post-release supervision will expire on May 13, 2018. *Id.*

## III.  DISCUSSION

This Court's subject matter jurisdiction is limited by Article III, Section 2 of the United States Constitution to matters that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003). A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement. *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) (*citing Spencer,* 523 U.S. at 7).

This case is moot for two reasons. First, the only relief petitioner seeks is an order directing the BOP "to consider his petition for *nunc pro tunc* designation of state prison as a facility for service of his federal sentence," and a recommendation that the BOP grant his request. Pet. at 6. But the BOP already considered petitioner's request pursuant to the factors listed in Program Statement 5160.05 and 18 U.S.C. §3621(b) and denied it. Dkt. No. 7-1, Samuels Exhibit 7. Because the BOP considered petitioner's request, the petition is moot for that reason alone.

Second, petitioner finished serving his federal sentence and was released on May 12,

2014. *See* http://www.bop.gov/inmateloc/ (last visited Oct. 31, 2014). Habeas petitioners no longer in custody must demonstrate the existence of a "concrete and continuing injury" or some "'collateral consequence' of the conviction" in order for a petition to be granted. *Spencer*, 523 U.S. at 7; *Jackson v. Schult*, No. 9:07-CV-1146 (DNH/VEB), 2008 WL 5056851 at *1 (N.D.N.Y. Nov. 21, 2008). A challenge to an underlying conviction itself carries the presumption that a collateral, adverse consequences exists. *Spencer*, 523 U.S. at 12 ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.' ") (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)). But because petitioner does not challenge either his state or federal convictions, no presumption of collateral consequences exists in this case. *Spencer*, 523 U.S. at 7-8. He must therefore prove the existence of a concrete and continuing injury resulting from the BOP's failure to designate his state facility as the place of service of his federal sentence. *Jackson*, 2008 WL 5056851 at *1. In other words, he must show that there is some collateral consequence that can be remedied by granting the writ. *So v. Reno*, 251 F. Supp. 2d 1112, 1120 (E.D.N.Y. 2003) (internal quotation marks omitted) (citing *Spencer*, 523 U.S. at 7 and *Gonzalez v. INS*, No. 1:01-CV-6229, 2002 WL 31444952 at *3 (S.D.N.Y. 2002)).

Petitioner cannot establish any continuing injury because his federal sentence expired on May 12, 2014. The BOP can no longer provide the relief petitioner seeks. Therefore, the petition is moot. *Spencer*, 523 U.S. at 14-18; *see, e.g. Ruddy v. Bocaud*, 9:08-CV-1319 (LEK), 2009 WL 5030790 at *3 (N.D.N.Y. Dec. 14, 2009) (claims that petitioner did not receive proper credit to his sentence for time served while he was on probation and that his parole was improperly revoked were moot because the petitioner was released from prison); *Robinson v. Connell*, No. 9:03-CV-1151 (LEK/VEB), 2008 WL 907318 at *2 (N.D.N.Y. Mar.

31, 2008) (habeas petition based upon petitioner's allegation that his conditional and maximum release dates from prison were improperly calculated was mooted by petitioner's release from prison because the petitioner "failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates that might have been remediable by writ.").

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED AS MOOT**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: November 17, 2014
       Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court